**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **FIDENCIO VALDEZ,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-21-CV-00275-FM-ATB** |
| | § | |
| **JAIME E. ESPARZA,** | § | |
| **Defendant.** | § | |

<u>**REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE**</u>

On this day, the Court considered the status of the above-styled and numbered cause.  On January 3, 2022, Plaintiff Fidencio Valdez ("Valdez"), proceeding *pro se*, filed an application to proceed *in forma pauperis* along with a financial affidavit and a Complaint pursuant to 42 U.S.C. § 1983.  (ECF No. 16).  On January 5, 2022, this Court granted Plaintiff's application, and his Complaint was thereafter filed.  (ECF Nos. 20, 21).  In the Order, the Court directed that "[p]rior to ordering service of process on Defendants, the Court [would] engage in judicial screening of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A."  (ECF No. 20, p. 2).  The Court has now screened Valdez's Complaint and submits this Report and Recommendation.

After due consideration, the Court **RECOMMENDS** that Valdez's Complaint should be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii-iii), for seeking monetary relief against a defendant who is immune from such relief and for failure to state a claim on which relief may be granted.

# I.   BACKGROUND

### a.   Procedural Background

On October 12, 2021, this case was transferred to the Western District of Texas, El Paso Division from the Northern District of Texas.  (ECF No. 4).  Thereafter, on November 5, 2021,

this Court entered an Order "that Valdez shall submit the required filing fee **or** an application to proceed *in forma pauperis* and the accompanying documents required by 28 U.S.C. § 1915, including the six-month Inmate Trust Account history, **on or before December 8, 2021**." (ECF No. 6, p. 1) (emphasis in original).  After not receiving a certified mail receipt indicating delivery of the Court's November 5, 2021 Order, the Court amended the deadline for Valdez to submit the required filing fee or an application to proceed *in forma pauperis* to "on or before December 21, 2021." (ECF No. 8, p. 2).

 Thereafter, on December 6, 2021, Plaintiff filed correspondence alerting the Court that Plaintiff "[did] <u>not</u> receive a copy of AO240 'Application to proceed in District Court without Prepaying Fees or Costs (Short Form).'" (ECF No. 12, p. 2) (emphasis in original).  Therefore, the Clerk of the District Court mailed a copy of the AO 240 "Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)" ("IFP Form") on December 6, 2021.  *See* (ECF No. 13).

After the December 6, 2021 mailing of the IFP Form, Plaintiff sent further correspondence stating that he still had not received the IFP Form on December 15, 2021 (ECF No. 17), on December 16, 2021 (ECF No. 18), or on December 20, 2021 (ECF No. 19), and that he was aware of the Court's December 21, 2021 deadline.

Thereafter, Valdez submitted his filed an application to proceed *in forma pauperis* along with a financial affidavit on January 3, 2022.  (ECF No. 16)  On January 5, 2022, after considering Valdez's timely correspondence with the Court regarding the IFP Form and his minimal delay in filing his application to proceed *in forma pauperis*, this Court granted Plaintiff's application, and his Complaint was thereafter filed.  (ECF Nos. 20, 21).

2

**b.      Factual Background[1]**

In his Complaint, Valdez "demand[s] to file an official complaint against Jaime E. Esparza[,] the former District Attorney of El Paso County, State of Texas[,] in the form of 'Attempted Murder' for utilizing an illegal aggravating factor in order to cause [Valdez] to be eligible for Capital punishment."  (ECF No. 3, p. 1-2).  Specifically, Valdez alleges that "[a]n illegal 'Robbery' charge was formed by [Defendant Esparza] against . . . Valdez."  (*Id.* at p. 1).  Valdez further alleges that "[t]his same fake/illegal robbery charge was utilized to illegally form a capital murder charge against . . . Valdez."  (*Id.*).

Further, Valdez alleges in his Complaint that "mail has been tampered with on Polunsky Unit preceding this attempt to file my official complaint," but does not indicate any specific occasion of mail tampering.  (*Id.* at p. 2).  However, in his subsequent correspondence with the Court dated November 29, 2021, and December 16, 2021, Valdez asserts that he "ha[d] not received a copy of [the IFP Form]" attached to this Court's November 18, 2021 Order and that he previously alleged mail tampering "due to not receiving mail and mail not arriving at destinated point of address" (ECF No. 12, p. 2) (emphasis in original), and Valdez asserts that he had not received the IFP Form attached to the District Clerk's December 6, 2021 mailing and that officials at the Polunsky Unit were "tampering with [his] mail" (ECF No. 18, p. 1).

## II.    LEGAL STANDARDS

Title 28 U.S.C. § 1915 states, in relevant part, that "[n]ot withstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on

---

[1] While recounting the factual background, the Court addresses only the facts relevant to the immediate Report and Recommendation.

which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  Further, the Court may *sua sponte* dismiss on these grounds even without serving the defendants.  *See Wilson v. Barrientos*, 926 F.2d 480, 482 (5th Cir. 1991) ("Dismissal [under § 1915] is 'often made *sua sponte* prior to issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))).[2]

To determine whether an *in forma pauperis* complaint fails to state a claim on which relief may be granted, courts engage in the same analysis as when ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Hale v. King*, 642 F.3d 492, 497-99 (5th Cir. 2011) (per curiam).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint when a defendant shows that the plaintiff has failed to state a claim upon which relief can be granted.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The factual matter contained in the complaint must allege actual facts, not legal conclusions masquerading as facts.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 55) ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'").

To resolve a Rule 12(b)(6) motion, courts must determine "whether in the light most favorable to the plaintiff and with every doubt resolved on his behalf, the complaint states any

---

[2] *See also Jones v. Smith*, 234 F. App'x 249, 250 (5th Cir. 2007) (per curiam) (citing *Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam)) (stating that service on defendants is not required before dismissing an action for failure to state a claim).

valid claim for relief." *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003) (citation omitted). A complaint states a "plausible claim for relief" when the factual allegations contained therein infer actual misconduct on the part of the defendant, not a "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The complaint "'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

Furthermore, *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys, and such pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). However, even a *pro se* complaint may not merely set forth conclusory allegations. The *pro se* litigant must still set forth facts giving rise to a claim on which relief may be granted. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam).

## III.   ANALYSIS

### a.   Claims Against Defendant Jaime E. Esparza

Valdez alleges that "[a]n illegal 'Robbery' charge was formed by [Defendant Esparza] against . . . Valdez" and that "[t]his same fake/illegal robbery charge was utilized to illegally form a capital murder charge against . . . Valdez." (ECF No. 3, p. 1).

Prosecutors are immune from Section 1983 suits for acts that are within the scope of their prosecutorial duties. *Imbler v. Pachtam*, 424 U.S. 409, 420 (1976). Prosecutorial immunity "is not limited only to the act of initiating judicial proceedings itself and to conduct occurring in the courtroom, but instead includes all actions which occur in the course of the prosecutor's role as an advocate of the State." *Singleton v. Cannizzaro*, 956 F.3d 773, 780 (5th Cir. 2020) (internal quotes

and punctuation omitted).  This immunity encompasses acts within the judicial phase of criminal proceedings, even if the prosecutor's misconduct was "willful or malicious."  *Id.*  There is, however, an exception to this absolute immunity.  "Prosecutors are not entitled to absolute immunity . . . when performing administrative or investigative functions."  *Burkett v. City of El Paso*, 513 F. Supp. 2d 800, 817 (W.D. Tex. 2007) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)).

The Court here finds that Valdez's Complaint only sets forth factual allegations of alleged wrongdoing by Defendant Esparza within his role as a prosecutor in Valdez's case, namely the decision to bring robbery and capital murder charges against Valdez.  Further, Valdez does not allege any factual allegations of wrongdoing by Defendant Esparza involving administrative or investigative functions or any wrongdoing outside Defendant Esparza's role as a prosecutor. Therefore, the Court finds that Defendant Esparza is entitled to prosecutorial immunity. Accordingly, the Court recommends that Valdez's claims against Defendant Esparza be dismissed.

### b.    Claims of Mail Tampering

In subsequent correspondence with the Court, Valdez appears to allege that unnamed prison officials at the Polunsky Unit tampered with his mail.  (ECF No. 3, p. 2).  Specifically, Valdez asserts in correspondence with the Court that he "ha[d] not received a copy of [the IFP Form]" attached to this Court's November 18, 2021 Order and that he previously alleged mail tampering "due to not receiving mail and mail not arriving at destinated point of address" (ECF No. 12, p. 2) (emphasis in original), and he had not received the attached IFP Form to the District Clerk's December 6, 2021 mailing and that officials at the Polunsky Unit were "tampering with [his] mail" (ECF No. 18, p. 1).  To the extent Valdez is attempting to supplement his Complaint with a mail tampering claim, the Court continues its judicial screening of Plaintiff's allegations

pursuant to 28 U.S.C. § 1915A in relation to Valdez's mail tampering claim under his constitutional right of access to the courts.[3]

"A prison official's interference with a prisoner's legal mail may violate the prisoner's constitutional right of access to the courts." *Weatherspoon v. Ferguson*, 302 F. App'x 231, 231 (5th Cir. 2008). The Fifth Circuit has held that "to state a claim based on delay or interference with the mail, a plaintiff must show actual injury." *Id.* at 231-32. Specifically, for claims involving tampering with a prisoner's legal mail, a plaintiff "must allege that his position as a litigant was prejudiced by the mail tampering." *Walker v. Navarro Cnty. Jail*, 4 F. 3d 410, 413 (5th Cir. 1993).

Here, accepting Valdez's allegations as true with all reasonable inferences that can be drawn from them,[4] Valdez appears to allege that a prison official intentionally withheld mail sent from the Court, namely the IFP Form that was attached to the Court's November 18, 2021 Order (ECF No. 12, p. 2) and the District Clerk's December 6, 2021 mailing (ECF No. 18, p. 1). Further, the Court finds that the alleged mail tampering caused Valdez to file his IFP Application thirteen days after the deadline outlined by the Court's Order Amending Deadline for Plaintiff to Submit Filing Fee or IFP Application. *See* (ECF No. 8, p. 2) (Court's Order for Valdez to file his IFP

---

[3] Mail tampering claims "implicate[] both [a prisoner's] right of access to the courts and his right to free speech." *Walker v. Navarro Cnty. Jail*, 4 F. 3d 410, 413 (5th Cir. 1993). Here, the Court finds that Valdez has not alleged any censorship or free speech issues as it pertains to his mail tampering claims, but instead Valdez alleges that the mail tampering hindered his ability to timely file documents with the Court. *See* (ECF Nos. 17-19). Accordingly, the Court construes Valdez's mail tampering claims under his constitutional right of access to the courts.

[4] The Court notes that Valdez's allegations are minimal and do not allege any specific facts of mail tampering outside the fact that he did not receive the IFP Form. A *pro se* litigant may not merely set forth conclusory allegations but instead must set forth facts giving rise to a claim on which relief may be granted. *See Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam). Here, Valdez provides the conclusory allegation that someone at the Polunsky Unit is "tampering with [his] mail" and the fact that he did not receive the IFP Form that was directed to be attached to the Court's November 18, 2021 Order and the District Clerk's December 6, 2021 mailing. (ECF No. 18, p. 1); *see also* (ECF No. 12, p. 2). The only connection between the two statements appears to be the frequency with which they appear in Valdez's correspondence together and the use of underlining emphasis in Valdez's December 6, 2021 correspondence to the Court. *See* (ECF No. 12, p. 2) (underlining the word "not" when stating that Valdez had "<u>not</u> received" a copy of the IFP Form and asserting tampering with his mail "due to . . . mail <u>not</u> arriving") (emphasis in original). While the Court questions whether these facts are sufficient to state a claim on which relief may be granted, considering the low bar for screening pursuant to 28 U.S.C. § 1915, the Court will consider these allegations as sufficient for the purposes of determining the issue of whether any alleged mail tampering has caused Valdez any injury or has prejudiced Valdez's legal position.

Application "on or before December 21, 2021"); (ECF No. 16) (Valdez's IFP Application filed January 3, 2022).

However, this Court "consider[ed Valdez's] timely correspondence with the Court regarding the IFP Form and his minimal delay in filing his [IFP Application]" and found that Valdez "sufficiently complied with the Court's November 18, 2021 Order Amending Deadline for Plaintiff to Submit Filling Fee or IFP Application."  (ECF No. 20, p. 1 n.1).  As a result, this Court granted Valdez's IFP Application.  (*Id.* at p. 1-2).  Therefore, the Court finds that Valdez has not suffered any injury or had his legal position prejudiced in any way in the instant case, since he was able to file, and the Court granted, his IFP Application.  *See Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989) ("[Plaintiff] has failed to allege that any problem with his mail denied him meaningful access to the courts."); *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988) ("The isolated incident complained of by [the appellant] does not give rise to a constitutional violation because the prison's error was noted in time to permit appellant to re-prepare and timely file his writ application."); *Walker v. Stewart*, No. 3:01-CV-2662-R, 2002 WL 1733725, at *2 (N.D. Tex. July 25, 2002) (dismissing plaintiff's complaint where plaintiff "states . . . that the alleged tampering of his mail did not cause him to miss any court dates").  Accordingly, the Court recommends that Valdez's claims of mail tampering be dismissed for failure to state a claim on which relief may be granted.

## IV.   CONCLUSION

For the foregoing reasons, the Court finds that Valdez's claims against Defendant Esparza are barred by prosecutorial immunity and that Valdez's claims of mail tampering fail to state a claim upon which relief may be granted.

Accordingly, the Court **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED** for seeking monetary relief against Defendant Esparza who is immune from such relief and for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. 1915(e)(2)(B)(ii-iii).

**SIGNED** and **ENTERED** this 2nd day of February, 2022.

**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**